**Dougal C. POPE, Plaintiff,**

v.

**UNITED STATES of America and Scott P. Crampton, Defendants.**

**Civ. A. No. 75–H–1576.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 11, 1977.

Rudy M. Groom, Engel, Groom, Miglicco & Gibson, Houston, Tex., for plaintiff.

Donald J. Gavin, Tax Div., Dept. of Justice, Washington, D. C., Richard B. Ballanfant, Asst. U. S. Atty., Houston, Tex., for defendants.

MEMORANDUM AND ORDER:

SEALS, District Judge.

This cause of action is before the Court on Defendants' Motion for Summary Judgment.

This is a cause of action brought under the Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.,* for the release of certain documents. Plaintiff originally made requests for a large number of documents, the substantial majority of which has been voluntarily given to him. At a conference held in chambers on June 28, 1976 counsel for all parties were present and Defendants' counsel there gave to Plaintiff's counsel still more of the documents and Plaintiff's counsel agreed that if Plaintiff were satisfied with the documents then he would file a motion to dismiss, and if he were not satisfied then Defendants would be granted leave to file their motion for summary judgment and for *in camera* inspection.

Prior to the conference there was filed by Defendants a memorandum in support of their motion, but the motion itself was not filed, and on June 11, 1976 Plaintiff filed his answer to the motion. Then on July 21, 1976 Plaintiff filed a supplement to his answer, but Defendants' motion was not actually filed until October 21, 1976, and on that date Plaintiff filed his second supplement to this answer to the motion. The Court has considered all of these pleadings in relation to Defendants' motion and inspected the few remaining documents in question, and the Court is of the opinion that the motion should be granted.

The administrative history of Plaintiff's numerous requests for documents is extremely lengthy and complex, and not par-

ticularly relevant to the motion. Defendants have appended copies of the correspondence exchanged between Plaintiff and Defendants in the course of Plaintiff's requests and the ensuing search for the documents requested. At the very least these documents reflect diligence on the part of Defendants in making every reasonable effort to comply with Plaintiff's requests, and of the approximately 105 documents requested by Plaintiff there remains only 5 in controversy. This fact also indicates an effort by Defendants to cooperate fully with Plaintiff.

In refusing to release the 5 remaining documents Defendants rely on 5 U.S.C. § 552(b)(5) which provides in pertinent part as follows:

(b) This section does not apply to matters that are—

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . .

The basic policy of the Act is one of disclosure and access to official information, *Pennzoil Co. v. Federal Power Commission,* 534 F.2d 627, 630 (5th Cir. 1976), and the provision cited above is an exception thereto. This exception has been construed "to exempt those documents, and only those documents, normally privileged in the civil discovery context." *National Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (footnote omitted). It also embodies the concept of "the Government's executive privilege," *Id.* at 150, 95 S.Ct. 1504, 1515–1516 and "the attorney's work-product privilege." *Id.* at 154, 95 S.Ct. at 1518. *See also Kent Corp. v. National Labor Relations Board,* 530 F.2d 612, 618 (5th Cir.), *petition for cert. filed,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976).

 In the case at bar the Government is claiming both the executive privilege and the work-product privilege for each of the documents. However, the Court is of the opinion that the latter privilege applies to each and suffices for excluding them from disclosure.

The first document is referred to on the Index to Documents filed with this Court on May 27, 1976, as Document No. 12. It is from Myron C. Baum, Chief, Refund Trial Section No. 2, to Messrs. Jones and Wells, Trial Attorneys, Tax Division. It is described in the Index as follows:

An intra-agency memorandum dated April 22, 1968 discussing the Mexican divorce, the appointment of Beth Diehl, as executrix, and Dougal Pope. This document contains conclusions and legal opinions regarding these matters and an evaluation of and recommendations regarding the legal positions of the Government in litigation of these matters.

The exemption claimed for this document is (b)(5), and the Court is of the opinion that that is the proper interpretation of it. The document begins with a short factual synopsis of the litigation in question, it refers to certain legal research done by Internal Revenue Service attorneys and their legal conclusions, and then it outlines the writer's proposed "plan of action." The plan concerns papers to be filed and motions to be made in court, and concludes with the suggestion that further action be planned after the motions are decided. It is the opinion of the Court that this document clearly is the work-product of an attorney during the course of litigation, and that it is therefore wholly exempt from disclosure. *Kent, supra,* at 622–24.

The second document is indexed as Document No. 14, again from Myron C. Baum to Messrs. Jones and Wells, and it is described as follows:

An intra-agency memorandum dated May 9, 1968 discussing Dougal Pope's conduct of the *Diehl* case and setting forth conclusions and opinions regarding matters involved in that case and stating recommendations as to this litigation and possible furhter [sic] legal action dealing with these matters.

Here, too, the exemption claimed is (b)(5), and the Court is again convinced that this is the proper finding. The subject of the memorandum is pending litigation, and its

contents are quite properly characterized as an attorney's work-product privileged under the Act. This memorandum concludes with recommendations for litigation strategy, and the Court is of the opinion that it is wholly exempt from disclosure.

The third document is indexed as Document No. 16, again from Myron C. Baum but this time written to Lee A. Jackson, Chief, Appellate Section, and it is described as follows:

An intra-agency memorandum dated December 2, 1969 discussing and analyzing the procedural issues presented in the refund appeal and recommending possible further steps to be taken in this litigation and containing conclusions and opinions regarding the Government's position in this case.

This document contains a procedural summary of the matters in litigation, and indicates, apparently quite correctly, that the matter is extremely complex. This document is concerned with an appeal, and the data recited in it are clearly the work-product of an attorney in regard to pending litigation. Therefore, it is wholly exempt.

The fourth document is indexed as Document No. 17, and it is from Myron C. Baum, and it is to Messrs. Jackson and Rothwacks, Appellate Section (Tax Division). It is described as follows:

An intra-agency memorandum dated January 14, 1969 discussing an appeal taken by Dougal C. Pope in his own name. This document contains an analysis of the litigation and sets forth recommendations regarding legal action to be taken on the pending appeal, together with the supporting rationale.

This document concerns the Government's strategy to be used for an appeal, and there was attached to the document an instrument to be filed in court. That instrument was not attached to the document submitted to the Court for inspection, but the nature of the attachment and the contents of the document stand clearly for the exclusion of this document as an attorney's work-product.

The fifth and final document under dispute is from Harold A. Chamberlain, Attorney, Tax Division, to Myron C. Baum. It is indexed as Document No. 19, and is described as follows:

An intra-agency memorandum dated November 21, 1962 discussing Dougal Pope's conduct of the refund case and containing conclusions and opinions and recommendations regarding further litigation in this case, together with an evaluation of those additional steps.

The copy filed with the Court is very difficult to read, but it is quite clear to this Court that it does concern litigation and that it is exempt as an attorney's work-product.

These five documents all fall within the work product rule. This Court does not have to deal with the question of anticipated litigation, *Kent, supra,* at 623, because there was litigation to which these documents specifically and narrowly referred. Therefore, these "reports are subject to a prima facie valid claim of privilege," and "even the factual matters in these reports (which might not be protected by executive privilege) are protected by the work-product privilege." *Id.* at 624. Therefore, the remaining questions in this case concern Plaintiff's claim for the award of attorney's fees and litigation expenses, and his request for a finding of bad faith on the part of the Government.

The Act, apparently in an effort to encourage certain members of the public to vindicate their rights and to give the Government incentive to be cooperative, provides for the awarding of attorney's fees and costs where a plaintiff "has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). This provision of the Act does not seem to have inspired much decisional authority, nor is the term "substantially prevailed" extremely clear. However, it is clear from the wording of the statute that the Court "may assess" these costs which makes such an award discretionary.

■ It has been held that the voluntary supplying by the Government of documents sought which may moot the action will not

preclude the awarding of fees and costs. *Kaye v. Burns,* 411 F.Supp. 897, 902 (S.D.N. Y.1976). However, in the case at bar the Government did not moot the action, it merely compromised on a number of points, but certain documents remained in dispute requiring an adjudication by this Court, and the Court is of the opinion that the fact that Plaintiff received the majority of the documents sought through voluntary compliance by the Government does not mean that Plaintiff "substantially prevailed." Rather, as in *Kaye,* there are four criteria to be considered:

(1) The benefit to the public, if any deriving from the case;

(2) the commercial benefit to the complainant;

(3) the nature of the complainant's interest in the records sought; and

(4) whether the government's withholding of the records sought had a reasonable basis in law.

*Id.* at 903. The Court is of the opinion that none of these criteria as explained in the Senate Report are applicable here. Clearly this cause of action was brought " 'to advance the private commercial interests of the complainant' " and no improper behavior by the Government has been shown here. *Id.* The documents in contention here were properly withheld, and this fact in conjunction with Plaintiff's very personal commercial motives makes the award of any attorney's fees or costs improper. The Court also finds Plaintiff's request for a finding of arbitrary or capricious action on the part of any of the officials involved in this matter to be wholly without foundation or merit, and the Court declines to make any such finding.

Finally, the Court would note Defendants' request that Defendant Crampton be dismissed on the ground that there can be no jurisdiction over him under subsection (a)(4)(B) of the Act. While it would appear that Defendants' position is well taken and that there is no jurisdiction over Defendant Crampton, this question need not be dealt with any further in light of the fact that Defendants' Motion for Summary Judg-

ment shall be granted and this action dismissed. Therefore, it is hereby ORDERED as follows:

Defendants' Motion for Summary Judgment is GRANTED.