**MCA, INC., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. No. 76–1695–HP.**

United States District Court, C. D. California.

April 20, 1977.

Rosenfeld, Meyer & Susman, Robert C. Boffa, John G. Davies, Beverly Hills, Cal., Donovan, Leisure, Newton & Irvine, John Cooley Baity, L. Anthony Joseph, Jr., Jean M. Prewitt, New York City, for plaintiff.

William D. Keller, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Mason C. Lewis and Robert Gordon, U. S. Dept. Justice, Tax Div., Wash., D. C., for defendant.

### ORDER GRANTING MOTION TO ASSESS ATTORNEY FEES

PREGERSON, District Judge.

MCA, Inc. (MCA) brought this Freedom of Information Act (FOIA) suit because the Internal Revenue Service (IRS) refused to disclose the factual background of the IRS's estimates of revenue loss due to the motion picture film investment credit, contained in the Solicitor General's petition for writ of certiorari in the matter of *United States v. Walt Disney Productions*, 415 U.S. 934, 94 S.Ct. 1451, 39 L.Ed.2d 493, filed December 8, 1973. The IRS at one time or another claimed all of the statutory exemptions provided in the FOIA to justify the nondisclosure. After a motion and cross motion for summary judgment were filed, the case was settled by the IRS agreeing to disclose substantially all of the requested materials. The matter is now before the court on MCA's motion to assess attorney fees and costs, filed February 7, 1977. Having considered the memoranda of law and pleadings on file, as well as the oral argument of counsel on April 18, 1977, the court concludes that MCA's motion should be granted.

[1, 2] There is no question that MCA has substantially prevailed in this action and is entitled therefore to apply to the court for fees under 5 U.S.C. § 552(a)(4)(E). The legislative history of the fees provision of the FOIA reveals that the court should consider the following factors in assessing fees: (1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law. S. Rep. No. 93–854, 93rd Cong., 2d Sess., May 16, 1974, in Joint Committee Print, at p. 171, U.S. Code Cong. & Admin. News 1974, p. 6267; *Kaye v. Burns*, 411 F.Supp. 897 (S.D.N.Y.1976).

The IRS argues that MCA sought the disclosure primarily as supplemental discovery in a tax-refund suit. The court is persuaded that disclosure of the instant material had no more than a peripheral relevance or effect in MCA's tax litigation. The court is convinced that the primary purpose in obtaining the disclosure was to air the factual basis of IRS estimates offered to Congress with reference to pending and future tax legislation. Such a purpose confers both a public benefit, in providing Congress and the public with information relevant to legislative policy decisions, as

**214**

well as a commercial benefit, in enabling MCA to protect its corporate interests in the outcome of the tax legislation.

The court further finds that the IRS's defenses to this action were of doubtful merit. The settlement was obtained only after the relevant legislation, the Tax Reform Act of 1976, was no longer pending. If the information sought now has little public value, the plaintiff ought not to be penalized in its fee request because the IRS withheld the material during the period when Congress and the public could have made the most effective use of it.

Two factors argue in favor of an award of attorney fees—the disclosure was in the public interest and the IRS had only a questionable basis for refusing to disclose the information. Another equally important factor argues against an award of attorney fees—MCA was acting, at least in part, in its own commercial self-interest. Balancing these factors, the court concludes that a fee should be awarded covering 60% of the reasonable value of MCA's counsel services and costs.

THEREFORE, IT IS ORDERED that the United States shall be assessed 60% of the reasonable value of plaintiff's attorney services and costs. A hearing on the determination of the above amount is set for June 6, 1977, at 1:30 p. m.