**WERNER–CONTINENTAL, INC., Plaintiff,**

v.

**Emil C. FARKAS, Defendant.**

**Civ. No. C–1–78–760.**

United States District Court, S. D. Ohio, W. D.

Oct. 22, 1979.

Robert J. Hollingsworth, Cincinnati, Ohio, for plaintiff.

Aileen A. Armstrong, Washington, D.C., Thomas M. Sheeran, Reg. Atty., N.L.R.B., Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This action originally came before the Court upon the complaint of plaintiff Werner-Continental, Inc. seeking release of information from defendant National Labor Relations Board (NLRB) pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The parties have resolved their dispute concerning plaintiff's FOIA request and the only matter before the Court is whether plaintiff can recover attorney fees.

■ The attorney fees provision of the FOIA, 5 U.S.C. § 552(a)(4)(E), provides:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The Court has broad discretion in determining whether attorney fees should be awarded in a particular case. *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 710 (D.C.Cir. 1977).

■ The plaintiff seeking attorney fees should be able to show that litigation was necessary to get the documents from the agency and that the initiation of suit had a substantial causative effect on the release of the documents. *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 513 (2d Cir. 1976). Once a request for the documents has been made and refused, settlement or delivery of the documents by the government will not eliminate a claim for attorney fees. *Nationwide Building Maintenance, Inc. v. Usery, supra.* Therefore a party may substantially prevail under the statute and be eligible to seek attorney fees without winning a courtroom trial. *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir. 1977).

■ The Congressional policy behind the FOIA is to encourage public access to government information and to enable individual citizens to pursue their statutory rights by eliminating administrative barriers that could only be hurdled through expensive litigation. The criteria for the Court to use in furthering this policy were expressed in the Senate Report as:

the benefit to the public, if any deriving from the case, the commercial benefit to the complainant and the nature of his interest in the records sought, and whether the government's withholding of the

records sought had a reasonable basis in law.[1]

Courts have applied these criteria to the announced legislative policy in deciding whether to award attorney fees under the statute. *See Nationwide Building and Maintenance, Inc. v. Sampson, supra; Vermont Low Income Advocacy Council, Inc. v. ·Usery, supra.*

### (A) *Benefit to the Public Interest*

■ Under this criterion, a court may award attorney fees where the information sought is disseminated in the public interest or it is used to further a project benefiting the general public. Although the public interest is served by bringing the government into compliance with the law. *Cuneo v. Rumsfeld, supra*, compliance which merely aids a private party does not really expand the fund of public information or benefit the public interest. *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978).

Plaintiff here contends that forcing government compliance benefits the public interest and is a factor in favor of awarding attorney fees. On the contrary, government compliance here creates a private benefit for the plaintiff and does not promote the benefit contemplated by Congress.

### (B) *Commercial Benefit To Complainant; and*

### (C) *The Nature of His Interest In The Records Sought*

Courts have evaluated these two criteria both individually and together. It seems logical to read these criteria together when the private plaintiff has pursued a private interest. When the plaintiff is indigent or a nonprofit public interest group recovery of attorney fees furthers the FOIA policy of expanding access to government information. However, if the plaintiff will reap a commercial benefit from the information or merely intends to further or to protect a private interest, attorney fees are not recoverable. It is also apparent that Congress intended to help the indigent litigant while noting that the financially stable litigant does not need the protection of this section of the FOIA to pursue his rights. *See Nationwide Building Maintenance, Inc. v. Sampson, supra.*

Although the plaintiff is not deriving a pecuniary interest from the information received under the FOIA, it sought the information for its private interest only and the public interest was not benefited by release of this information.

### (D) *Unreasonable Government Control*

■ The intent of this criterion is to allow attorney fees if the government's conduct was arbitrary and the agency's actions merely intended to frustrate the requests of the plaintiff. Attorney fees would not be awarded where the agency had reasonable belief that the FOIA did not compel release of the information sought. *Nationwide Building Maintenance, Inc. v. Sampson, supra.*

■ The NLRB claimed that the information sought by plaintiff was exempted under FOIA exemptions, 5 U.S.C. § 552(b)(7)(A), (C) and (D). Therefore the Court must determine whether the NLRB's claim under these exemptions was justified or whether it was an overt attempt to thwart plaintiff's efforts. In view of the policy to protect affiants in NLRB proceedings, *see NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1977), and to protect individual privacy, it is apparent that the NLRB did not arbitrarily deny plaintiff's initial FOIA requests.

In accordance with the foregoing, plaintiff's remaining request for attorney fees is hereby DENIED.

IT IS SO ORDERED.

---

1. S.Rep. 93–854 "Amending the Freedom of Information Act", 93rd Cong., 2d Sess. (1974) at 19; Proposed S2543 had suggested these criteria be included in 5 U.S.C. § 552(a)(4)(E).