**WESTINGHOUSE ELECTRIC CORPORATION, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

Civ. A. No. 79–815.

United States District Court,
W. Pennsylvania.

April 10, 1980.

---

William R. Lauer, Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for plaintiff.

Margery E. Lieber, Deputy Asst. Gen. Counsel, for Special Litigation, Washington, D. C., for defendant.

## OPINION AND ORDER

TEITELBAUM, District Judge.

The matter *sub judice* concerns the viability of a petition for attorney's fees and

other costs of litigation [1] incurred by the Westinghouse Electric Corporation (Westinghouse) in an action against the National Labor Relations Board (NLRB). In that action Westinghouse sought to compel the NLRB to disclose a number of documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Westinghouse sought this information when a former employee, Mr. Steve F. Perichak, instituted a suit against Westinghouse and the International Union of Electrical, Radio and Machine Workers Local 601, for breach of contract and breach of duty of fair representation.

Prior to institution of the FOIA action, Westinghouse appropriately requested the NLRB to produce copies of all notes, formal documents (e.g., charges, complaints, etc.) and decisions contained in a closed NLRB file [2] which related to an unfair labor practice charge filed against Westinghouse by Mr. Perichak. That request was filed with the regional director of the NLRB. Pursuant to NLRB policies a number of documents were disclosed while others were retained. The NLRB indicated that, in its opinion, the documents retained were exempt from disclosure.

Westinghouse appealed from the decision of the regional director to the Office of the General Counsel of the NLRB. As a part of that appeal Westinghouse explicitly referred to *Joseph Horne Co. v. NLRB*, 455 F.Supp. 1383 (W.D.Pa.1978). That decision required the NLRB to disclose affidavits obtained from persons currently employed by the person seeking disclosure when the affidavits were part of a closed file. Despite having been informed of this controlling precedent, the NLRB declined to disclose to Westinghouse the affidavit of Walter Cummings, a current employee of Westinghouse. In addition the NLRB withheld a small number of other documents.

Suit was instituted by Westinghouse wherein the disclosure of all documents which continued to be retained by the NLRB was sought. When cross motions for summary judgment were made, seven documents were at issue; among these was the Cummings' affidavit. *Immediately* prior to oral argument on cross motions for summary judgment, the NLRB surrendered two documents, one of which was the Cummings' affidavit. This Court then denied Westinghouse's motion and granted the motion of the NLRB with respect to the other five documents because the only two documents to which Westinghouse was entitled had been voluntarily disclosed.

■ In this setting Westinghouse now contends that for purposes of 5 U.S.C. § 552(a)(4), it has substantially prevailed with respect to this litigation because the Cummings' affidavit was the document "principally sought." As a result, Westinghouse further contends that it is entitled to attorney's fees. While it is true Westinghouse need not obtain an order of court to substantially prevail, the documents sought must have been acquired as a result of the instigation of litigation. *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509 (2nd Cir. 1976). In this case, the production of the affidavit just prior to oral argument on cross motions for summary judgment and the existence of four controlling cases in this district mandating disclosure, *Nemacolin Mines Corp. v. NLRB*, 100 LRRM 3069 (W.D.Pa.1979), *PPG Ind. v. NLRB*, 99 LRRM 3397 (W.D.Pa.1978), *Joseph Horne Co., supra*, and *Mylan Pharmaceuticals, Inc. v. NLRB*, 407 F.Supp. 1124 (W.D.Pa.1976), are compelling reasons to believe that the affidavit sought would not have been obtained without the institution of litigation.

However, whether or not Westinghouse has substantially prevailed in the instant litigation involves a further consideration. Westinghouse received only some of the documents it sought although it claims to have received the document "principally sought", the Cummings' affidavit. The first issue to be considered in this context is whether or not the Cummings' affidavit

---

1. Hereinafter referred to as attorney's fees.

2. The file was closed when Mr. Perichak withdrew his complaint.

was, in fact, the document principally sought. Two factors are persuasive on this issue. The *first* paragraph of the Westinghouse complaint which describes documents sought by Westinghouse identified written statements or affidavits of persons unknown to Westinghouse but who are believed to be currently employed by Westinghouse.[3] This description includes the Cummings' affidavit. The primacy of position afforded such documents in the complaint suggests their importance to Westinghouse.

Furthermore, and significantly more compelling, Westinghouse cited *Joseph Horne Co., supra*, which controls the disclosure of affidavits of current employees, to the Office of General Counsel of the NLRB while pursuing internal appeals within the NLRB. This effort to apprise the NLRB of their disclosure obligation so specifically, warrants the inference that the Cummings' affidavit was the document principally sought by Westinghouse.

A second issue is whether Westinghouse can substantially prevail although it has obtained only some of the documents it sought. While *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir. 1979), *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978), and *Pope v. United States*, 424 F.Supp. 962 (S.D. Tex.1977), could be tortured into requiring a plaintiff to obtain all or most of the documents sought, more sensible readings would focus on the withholding of *key* documents sought by a plaintiff. This standard is used by this Court, and the Cummings' affidavit seems to be a key document. ▮ The foregoing demonstrates that Westinghouse has substantially prevailed within the meaning of the FOIA. This, however, does not dictate that Westinghouse be awarded attorney's fees but rather suffices only to meet the threshold for an award of attorney's fees. Awards of this type are to be made only when, in the discretion of the trial judge, to do so would advance a policy underlying FOIA.' *Nationwide Building Maintenance v. Sampson*, 559 F.2d 704 (D.C. Cir. 1977).

Although the exercise of the discretion of the Court is to be guided by the policy underlying FOIA, there are competing statements which attempt to define that policy. The Courts have identified the elimination of financial deterrents created by litigation costs when average or indigent persons seek the disclosure of documents in which the public–at–large has an interest. See, e.g., *Chamberlain v. Kurtz, supra; Nix v. United States, supra*, and *Cuneo v. Rumsfield*, 553 F.2d 1360 (D.C. Cir. 1977). In *Nationwide Building Maintenance v. Sampson, supra*, on the other hand, the court stated the policy was the prevention of "administrative resistance to disclosure based not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not have the financial resources or economic incentive to pursue their requests through expensive litigation," *id.* at 711. The major difference in these two statements articulating the policy behind FOIA is whether the documents sought must be within the scope of the interest of the public–at–large.

▮ Interestingly, these two statements of policy are derived from similar analyses of the legislative history of the attorney fee provision of FOIA. (*See, e.g., Nationwide, supra*, for a good discussion of legislative history.) These examinations, and others, have identified four (4) factors to be considered by courts when determining if an award of attorney's fees is appropriate. These are: (1) the benefit to the public, (2) the commercial benefit to the plaintiff, (3) the nature of the plaintiff's interest and (4) whether the government's withholding had

---

3. The first paragraph of the complaint identifying documents sought is paragraph nine. It reads:

(A)gents and employees of the Board conducted an investigation of the above charge in the course of which they interviewed and took written statements and affidavits from representatives or employees of Local 601, from the Charging Party, witnesses presented by the Charging Party, and others whose identities are unknow (sic) to Plaintiff but *some of whom are believed to be currently employed by Plaintiff.* (Emphasis added.)

a reasonable basis in law. Considering these factors, the various statements of policy considered above appear to reflect the differing weights afforded these factors with respect to the differing factual patterns presented to other members of the bench.

 In the instant litigation, the benefit to the public is marginal at best; the interest is a private one. Westinghouse seeks the document for its potential use in other litigation. In *Nix v. United States, supra,* and *Blue v. Bureau of Prisons,* 570 F.2d 529 (5th Cir. 1978), the courts have rejected claims for attorney's fees when the purpose of the FOIA litigation was the augmentation of civil discovery.

The final factor to be considered also dictates against the award of attorney's fees. Westinghouse is neither an average nor indigent plaintiff; rather it is an enormous concern doing business on an international scale. Thus it seems unlikely that the NLRB withheld the documents with an eye toward the creation of financial barrier for Westinghouse. While in some cases it might be possible that a government agency would withhold documents in which the person requesting those documents had a limited financial interest, so that despite the wealth or economic resources of the person making the request the economic incentive to pursue it would be lacking, that case has not been presented to this Court today.

With respect to the reasonableness of the withholding by the NLRB, this Court is aware of four cases within *this* District which hold that affidavits of persons currently employed by the party seeking disclosure must be disclosed. *PPG Ind. v. NLRB, supra, Joseph Horne Co. v. NLRB, supra, Nemacolin Mines Corp. v. NLRB, supra,* and *Mylan Pharmaceuticals, Inc. v. NLRB, supra.*

Having considered the above cited four cases and the refusal of the NLRB to disclose the documents until after the institution of litigation and without characterizing such refusal, of itself, as reasonable or unreasonable, it is sufficient to hold that the refusal to disclose was not so unreasonable to warrant overriding the previously discussed considerations, all of which weigh against the award of attorney's fees.

For the reasons set forth above, the petition for attorney's fees by Westinghouse will be denied. An appropriate order will issue.