Nicholas & Delores SABALOS, Plaintiffs,

v.

Donald T. REGAN, Secretary of the Treasury; William E. Williams, Acting Commissioner of Internal Revenue Service, Defendants.

Civ. A. No. 81–0089–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Aug. 26, 1981.

Nicholas & Delores Sabalos, pro se.

Linda Bridgeman, Asst. U. S. Atty., Alexandria, Va., for defendants Regan and Williams.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter came before this court pursuant to an order, dated July 10, 1981, directing the plaintiffs, Nicholas and Delores Sabalos, to file with this court a motion for award of attorney's fees. Plaintiffs made such a motion under 5 U.S.C. § 552(a)(4)(E). The parties argued the motion before this court on August 14, 1981. For the reasons stated in this opinion, the plaintiff's motion for an award of attorney's fees is denied.

## I. STATEMENT OF FACTS

In February, 1980, the Internal Revenue Service (Service) began an audit of the 1978 and 1979 income tax returns of Nicholas and Delores Sabalos. On May 29, 1980, the Service determined that the Sabaloses owed additional taxes. On that same date, the Sabaloses requested that the Service disclose certain information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). The information requested by the taxpayers included all General Counsel Memoranda (GCM's), Technical Memoranda (TM's), and Actions on Decisions (AOD's) issued by the Service during the last three years that were relevant to the changes in the taxpayers' returns. The Sabaloses also demanded disclosure of that portion of the Service's discriminant function (DIF) scoring system relating to the adjustments in their returns. On September 19, 1980, the Service denied the Sabaloses' FOIA request. In November, 1980, the taxpayers filed an

administrative appeal of this denial. The Service, however, failed to make a determination on the appeal within the statutorily set twenty-day period. *See* 5 U.S.C. § 552(a)(6)(A)(ii) (1976).

On January 28, 1981, the Sabaloses filed this suit, pursuant to 5 U.S.C. § 552(a)(4)(B), to force the government to turn over the materials covered by their FOIA request. The relief sought by the plaintiffs included an award of attorney's fees. At the same time, the plaintiffs applied for a temporary restraining order to prevent the Service from taking further action on their 1978 and 1979 returns. This court denied the application.

In May, 1981, the government moved for partial summary judgment under Rule 56. *See* Fed.R.Civ.P. 56. It contended that the DIF information was exempt from disclosure under subsections (b)(2) and (b)(7)(E) of the FOIA. *See* 5 U.S.C. § 552(b)(2), (7)(E) (1976). In addition, the government asked for a stay of all proceedings concerning the requested GCM's, TM's, and AOD's. At that time, the Service was litigating the status of such memoranda under the FOIA in *Taxation With Representation Fund v. IRS*, 646 F.2d 666 (D.C.Cir.1981). The United States Court of Appeals for the District of Columbia Circuit had ordered the Service to make the memoranda public, but the Service still possessed a right of appeal. The government argued that this court ought to stay its hand pending final resolution of the issue in *Taxation With Representation*. In making this motion, the government conceded that it must turn over the memoranda requested by the Sabaloses, unless it ultimately prevailed in the *Taxation With Representation* case.

Before this court could rule on the government's motion, the period that the Service had to appeal the D.C. Circuit's adverse decision ran out. Two days later, on June 12, 1981, the Service turned over to the Sabaloses the memoranda that they had requested. On June 15, this court granted the government's summary judgment motion as to the request for the DIF informa-

tion. The court, however, denied the motion with respect to the internal memoranda on the ground that it was not in a position to determine the extent of the government's compliance with the plaintiffs' request.

On June 22, 1981, the government submitted a motion to reconsider the partial denial of its summary judgment motion. The parties, however, were able to settle the issue of the memoranda request by stipulation. The Sabaloses admitted that they had received all of the GCM's, TM's, and AOD's that they had sought. The government, in turn, agreed that the plaintiffs had "substantially prevailed" on the issue of whether the internal memoranda were exempt from disclosure under the FOIA.

After the parties settled the main body of the case by stipulation, this court ordered the plaintiffs to submit a motion for award of attorney's fees. The Sabaloses made such a motion under 5 U.S.C. § 552(a)(4)(E). The requested award includes allowances for preparation of the following items: summons and complaint, plaintiffs' motion for temporary injunction, defendant's motion for partial summary judgment, defendant's motion for reconsideration, and plaintiffs' motion for attorney's fees.

## II. OPINION

### A. The "Substantially Prevailed" Issue

Subsection (a)(4)(E) of the FOIA authorizes an award of "reasonable attorney fees and other litigation costs reasonably incurred in any case under [the FOIA] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (1976). Thus, the threshold issue that this court must determine is to what extent have the Sabaloses "substantially prevailed" in this case.

■ The parties have stipulated that the plaintiffs have prevailed to the extent that they sought access to the Service's GCM's, TM's, and AOD's. The Service released these memoranda at the conclusion of the Taxation With Representation litigation, and not as a result of any order promulgat-

ed by this court. A plaintiff, however, still may "substantially prevail" on an FOIA issue, even though the government did not release the requested information pursuant to court order. See Nationwide Building Maintenance, Inc. v. Sampson, 559 F.2d 704, 708–10 (D.C.Cir.1977); Cuneo v. Rumsfeld, 553 F.2d 1360, 1364–65 (D.C.Cir.1977); Vermont Low Income Advocacy Council, Inc. v. Usery, 546 F.2d 509, 513 (2d Cir. 1976); Flower v. FBI, 448 F.Supp. 567, 573 (W.D. Tex.1978); Goldstein v. Levi, 415 F.Supp. 303 (D.D.C.1976).

The Sabaloses meet the "substantially prevailed" test with respect to the internal memoranda issue. The plaintiffs, however, lost on the DIF question. Thus, their recovery of attorney's fees and costs is limited to no more than the amount attributable to the internal memoranda issue. The government goes further and argues that the Sabaloses should not be able to recover any attorney's fees, because they did not "substantially prevail" in the case taken as a whole. The remainder of this opinion, however, makes it unnecessary to decide the question of whether the court should view the case as a unit or as component parts for purposes of § 552(a)(4)(E).

### B. The Criteria for Awarding Attorney's Fees Under the FOIA

■ A plaintiff that has "substantially prevailed" on the merits of an FOIA case does not automatically receive an award of attorney's fees. Section 552(a)(4)(E) authorizes the court to make such an award, but does not require it to do so. The courts traditionally have employed four criteria in exercising this discretion: the benefit to the public derived from the case; the commercial benefit to the plaintiff; the nature of the plaintiff's interest in the information; and whether the government's withholding of the information had a reasonable basis in law. See, e. g., Polynesian Cultural Center, Inc. v. NLRB, 600 F.2d 1327, 1330 (9th Cir. 1979); Long v. IRS, 596 F.2d 362, 370 (9th Cir. 1979), cert. denied, 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980); Chamberlain v. Kurtz, 589 F.2d 827, 842 (5th Cir.), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62

L.Ed.2d 54 (1979); *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 710–13 (D.C.Cir.1977). The report on the Senate's original version of the FOIA Bill elaborates on the criteria:

> [T]here will seldom be an award of attorneys' fees when the suit is to advance the private commercial interests of the complainant. In these cases there is usually no need to award attorneys' fees to insure that the action will be brought. The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA. The Court should not ordinarily award fees under this situation unless the government officials have been recalcitrant in their opposition to a valid claim or have been otherwise engaged in obdurate behavior.

S.Rep.No.93–854, 93d Cong., 2d Sess. 19 (1974). This passage effectively distills the four criteria used by the courts down to two conditions for recovering fees. The first condition is that the plaintiff had an insufficient private or pecuniary interest to justify bringing the suit without an award of fees. This requirement encompasses the first three criteria traditionally used by the courts. The second condition is that the government had no reasonable legal basis for withholding the requested information. If an FOIA suit meets either of these two conditions, the court should award attorney's fees to the plaintiff.

### C. *The Public-Commercial Interest Criterion*

■ The Sabaloses sought the documents in question for the purpose of defending against a tax audit assessment made by the Service. *See* Plaintiffs' Complaint, ¶¶ 20–21, 24. Defending against the audit and any subsequent litigation clearly provided the plaintiffs with sufficient financial incentive to justify bringing this suit without an award of fees. Their primary interest in the Service's memoranda, therefore, was both private and pecuniary. *See Chamberlain v. Kurtz*, 589 F.2d 827, 842–43 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Pope v. United*

*States*, 459 F.Supp. 426, 429 (S.D.Tex.1977), *aff'd per curiam*, 585 F.2d 802 (5th Cir. 1978). *Cf. MCA, Inc. v. IRS*, 434 F.Supp. 212 (C.D.Cal.1977) (court awarded fees, but primary purpose for obtaining disclosure of tax materials was to affect pending and future legislation).

The Sabaloses argue that the disclosure of the memoranda produced a public benefit, as well as a private one. This public benefit, however, was a secondary one and is not sufficient to trigger an award of fees. In *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978), the court noted:

> [I]t is doubtless true . . . that the successful FOIA plaintiff always acts in some degree for the benefit of the public . . . . Yet the Senate Report's discussion of this criterion referred repeatedly to disclosure to the press and to public interest organizations, thus strongly suggesting that in weighing this factor a Court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure. . . . Thus the factor of "public benefit" does not particularly favor attorneys' fees where the award would merely subsidize a matter of private concern
> . . . .

*Id.* at 533–34. The Sabaloses had no intent to disseminate the Service's memoranda to the public. Thus, the secondary public benefit that resulted from disclosure is insufficient to meet the public-interest condition for an award of attorney's fees.

### D. *The Reasonable Basis Criterion*

■ The Sabaloses' one remaining avenue for recovering attorney's fees is to show that the government had no reasonable legal basis for withholding the requested materials. The Service refused to disclose the internal memoranda pending final resolution of the *Taxation With Representation* litigation. The reasonableness of this refusal to disclose, therefore, depends on whether the government presented a good faith defense in the pending litigation. *See Werner-Continental, Inc. v. Farkas*, 478 F.Supp. 815, 817 (S.D.Ohio 1979). The Ser-

vice's main contention in *Taxation With Representation* was that its internal memoranda were exempt from disclosure under 5 U.S.C. § 552(b)(5). *See Taxation With Representation Fund v. IRS,* 646 F.2d 666 (D.D.C.1981). The length and complexity of the court's opinion in that case indicate that the government's defense was indeed good faith. In addition, the government released the memoranda requested by the Sabaloses without resort to court order after final resolution of the *Taxation With Representation* litigation. There is no indication that the Service's failure to turn over the material was an attempt to thwart the policies of the FOIA. Thus, its withholding of the GCM's, TM's, and AOD's had a reasonable basis in law.

The Sabaloses have not met either condition for an award of attorney's fees under 5 U.S.C. § 552(a)(4)(E). Therefore, their motion for attorney's fees is denied.