Harold THOMAS, Plaintiff,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Defendant.

No. CIV–82–1061T.

United States District Court,
W.D. New York.

Jan. 20, 1983.

Shoolman & Shoolman, Rochester, N.Y., for plaintiff; Carl Shoolman, Rochester, N.Y., of counsel.

Martin J. Littlefield, Jr., Asst. U.S. Atty., Rochester, N.Y., of counsel, for defendant.

MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

This action was brought pursuant to the Freedom of Information Act (FOIA) and sought the production of certain documents in the possession of the Environmental Protection Agency (EPA). *See generally* 5 U.S.C. § 552. The plaintiff's lawyer requested certain documents from the EPA in the belief that they would assist him in the prosecution of a State court class action pending against the Volkswagen Company. Specifically, the plaintiff requested a document from the EPA which contained the terms of a recall plan resulting in the alleged dismissal of an administrative enforcement action against Volkswagen and the replacement of valve stem seals in over 450,000 Rabbits. Absent the underlying State court action, plaintiff would never have sought these documents.

Plaintiff commenced the FOIA lawsuit in November of 1982 and in January of this year, he moved for summary judgment. However, prior to the return date of that motion, the EPA provided the documents in question. The sole question remaining for the Court is the determination of plaintiff's request for attorney's fees. He claims he spent 37.8 hours on the FOIA lawsuit and at an hourly rate of One Hundred Twenty-five Dollars, ($125.00) should be compensated Four Thousand Seven Hundred Twenty-five Dollars, ($4,725.00) plus actual disbursements of One Hundred Six and 04/100 Dollars, ($106.04).

Authority for the Court to assess reasonable attorney's fees against the United States in any case in which the plaintiff substantially prevails is contained in 5 U.S.C. § 552(a)(4)(E). The awarding of attorney's fees in such cases, however, is not automatic but rests within the Court's discretion. *See Vermont Low Income Advocacy Council Inc. v. Usery,* 546 F.2d 509 (2nd Cir.1976); *Westinghouse Electric Corp. v. N.L.R.B.,* 497 F.Supp. 82, 84 (W.D.Pa.1980). Factors to be considered by the Court when determining an award of attorney's fees (when appropriate) are as follows: 1) the benefit to the public; 2) the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest, and 4) whether the Government's withholding the information being sought had a reasonable basis in law. S.Conf.Rep. No. 1200, 93rd Cong., 2d Sess. reprinted in 1974 U.S.Code Cong. and Admin.News, pp. 6285, 6288; *see also Blue v. Bureau of Prisons,* 570 F.2d 529, 533 (5th Cir.1978); *Nationwide Bldg. Maintenance Inc. v. Sampson,* 559 F.2d 704, 711 (D.C.Cir. 1977). Thus it was contemplated that the

award of attorney's fees in FOIA cases was designed to benefit public interest groups or the press seeking information to benefit the general public, not, however, to reward a "business ... using the FOIA to obtain data relating to a competitor or as a substitute for discovery in private litigation with the Government". *Id.* at 712.

Here, the information sought assists the plaintiff in the prosecution of the pending State court action with a rather limited advantage to the general public. The following is particularly pertinent:

> The FOIA was fundamentally designed to inform the public and not to benefit private litigants. * * * If the potential for private commercial benefit was sufficient incentive to encourage [Cuneo] to pursue his FOIA claim, the policy objectives of section 552(a)(4)(E) would be met and it would not be improper for a trial court to deny his request for attorneys' fees.

*Cuneo v. Rumsfield,* 553 F.2d 1360, 1368 (D.C.Cir.1977).

Therefore, plaintiff's request for a total of Four Thousand Seven Hundred Twenty-five Dollars, ($4,725.00) must be rejected as being excessive under the circumstances.

Accordingly, as this case was a simple, straightforward FOIA case with only marginal public benefit and was principally to serve as a discovery mechanism to benefit plaintiff's State court case, I make the following award:

Plaintiff is awarded his actual disbursements of One Hundred Six and 04/100 Dollars, ($106.04) and is further awarded Five Hundred Dollars, ($500.00) in attorney's fees.

SO ORDERED.