EDUCATION–INSTRUCCION,
INC., Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants.

Civ. A. No. 77–518–C.

United States District Court,
D. Massachusetts.

June 25, 1980.

Andrew H. Good, Boston, Mass., for plaintiff.

Carolyn S. Grace, Asst. U. S. Atty., for defendants.

### MEMORANDUM

CAFFREY, Chief Judge.

This action was commenced pursuant to the provisions of the Freedom of Information Act 5 U.S.C. § 552 (hereinafter FOIA). All substantive issues were disposed of in a memorandum and order filed June 1979, *Education/Instruccion, Inc. v. United States*, 471 F.Supp. 1074 (D.Mass.1979). The matter is now before the Court on plaintiff's motion for an award of attorney's fees and costs.

Plaintiff, Education/Instruccion, Inc., is a non-profit corporation which engages in civil rights research and advocacy activities with respect to housing in Boston and other communities.

The Boston Housing Authority (BHA) operates a large low income housing program and in so doing uses funds received from the United States Department of Housing and Urban Development (hereinafter HUD).

In 1975 HUD's Region I office of Equal Opportunity conducted a compliance review of BHA to ensure that, as a recipient of HUD assistance, BHA was designing and implementing programs to promote equal opportunity for all persons as mandated by Title VI of the Civil Rights Act of 1964 (hereinafter Title VI). Under HUD procedures, if the report reflected non-compliance, HUD's administrative enforcement process would then be used to ensure compliance.

In the summer of 1976 plaintiff requested that HUD disclose three categories of documents relating to BHA's compliance or non-compliance with Title VI.[1] After an initial denial of the request and an appeal within the agency, plaintiff received twenty-two pages of documents with excisions in November 1976. Nine documents (documents i–ix) had been withheld in whole or in part. Plaintiff was informed that under 5 U.S.C. § 552(a)(4)(B) judicial review of the decision was available. In February 1977 plaintiff filed this action to enjoin HUD from continuing to withhold those materials.

Defendants maintained at that time (1) that document i was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7) (hereinafter Section 7);[2] (2) that documents ii–vi were exempt under Section 7 only to the extent that they referred to the contents of document i; (3) that documents vii, viii and

---

1. For a more detailed account of the request and of the facts of the case generally see this Court's earlier memorandum, *supra.*

2. Section 7 provides in pertinent part that "investigatory records compiled for law enforcement purposes" are exempt from disclosure to the extent that their production would (A) interfere with enforcement proceedings, [or] (B) deprive a person of a right to a fair trial or an impartial adjudication.

ix were exempt under 5 U.S.C. § 552(b)(5) (hereinafter Section 5).[3]

In October 1977 the compliance review was completed. In June 1978 the Supreme Court decided the case of *N. L. R. B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 and in September 1978 plaintiff filed a motion for summary judgment together with a lengthy memorandum of law. In November 1978 defendant filed a cross motion for summary judgment attaching a portion of document i and documents ii–vi in their entireties. Defendant asserted that it was turning over the materials because the compliance review had been completed and sought a ruling by the court that the issue as to whether documents i–vi were exempt pursuant to Section 7 was now moot. HUD also sought a ruling that documents i and vii–ix were exempt pursuant to Section 5.[4] On the basis of information which prior to November 1978 had been deleted from document iii, plaintiff acquired copies of document i and viii in their entireties[5] from a source other than HUD; thus plaintiff had received all the documents to which it was entitled by November 1978.

In June 1979 this Court ruled that the Section 7 issue was not moot, 471 F.Supp. at 1077, and that although documents vii and ix were properly withheld, *id.* at 1081, documents i–vi and viii should have been turned over to the plaintiff by HUD prior to the commencement of this action, *id.* at 1078, 1082. Plaintiff is now before the Court seeking an award of costs and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).

Section 552(a)(4)(E) authorizes a court in its discretion to assess an award of "attorney fees and other litigation costs reasonably incurred in any [FOIA] case . . . in which the complainant has substantially prevailed." A threshold issue in any motion

for fees and costs under the FOIA, therefore, is whether plaintiff has in fact substantially prevailed. It is only by substantially prevailing that an FOIA plaintiff may trigger an analysis of whether an award of fees and costs is appropriate.

## I. HAS THE PLAINTIFF SUBSTANTIALLY PREVAILED?

■ The plaintiff has the burden of establishing that the prosecution of the action appeared to be reasonably necessary and that the action had a substantial causative effect on the delivery of the information. *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 513 (2d Cir. 1976).

At the time that this action was commenced, plaintiff had exhausted the avenues within HUD with which it could pursue its request. It had received a final agency decision on the matter and had been informed that judicial review was available to it. Thus there was no way in which plaintiff could expect to obtain prompt disclosure of the materials short of a court action. I rule therefore that this action could reasonably have been regarded as necessary to achieve disclosure.

As outlined above plaintiff originally sought to compel the disclosure of nine documents. Since that time it has acquired all of the seven documents to which it was entitled by law. Defendant contends that plaintiff's acquisition of those seven documents was not causally related to plaintiff's prosecution of this action. To support that contention defendant argues that it voluntarily surrendered documents ii–vi to the plaintiff upon completion of compliance review and not because of plaintiff's motion for summary judgment. Defendant further maintains that plaintiff located copies of documents i and viii in a manner unrelated

---

**3.** Section 5 exempts from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency."

**4.** HUD had previously claimed only a Section 7 exemption as to document i.

**5.** At the time of the Court's June memorandum it was unclear whether plaintiff had all of document i or whether a portion remained missing. *Id.* at 1077 n. 6. Thus the Court ordered the disclosure of the remaining portion of document i.

to the prosecution of this case when it acquired them from a source other than the defendant.

### A. *Documents ii-vi*

The defendant asserts that documents ii-vi were released in November 1978 not as a result of plaintiff's motion for summary judgment but because defendant believed their exemption status had ended with the completion of the compliance review. I find that the timing of the pertinent events belies defendant's argument.

The compliance review was completed in October 1977, thirteen months before documents ii–vi were disclosed. During that thirteen months defendant made no move to surrender the documents yet the disclosure closely followed the filing of plaintiff's motion for summary judgment and its lengthy memorandum of law. On that basis I find that the disclosure was triggered by plaintiff's prosecution of this action and rule that the plaintiff's motion for summary judgment was a substantial causative factor in the disclosure of documents ii--vi.

### B. *Documents i and viii*

Plaintiff asserts that it was able to locate copies of documents i and viii as a result of information obtained when documents ii--vi were disclosed in November 1978. Plaintiff maintains that a portion of document iii which had previously been deleted alerted plaintiff to the possibility that documents i and viii might be available from a source other than the defendant. It was by following up on that lead that plaintiff acquired the two documents. Plaintiff asserts that it did not have a copy of either document prior to that time. I rule that plaintiff's prosecution of this action substantially caused the disclosure of documents i and viii because it was a substantial causative factor in the disclosure of document iii.

On the basis of the foregoing I find that plaintiff has established (1) that the filing of this action was reasonably necessary to accomplish the disclosure of the documents it had requested from HUD and (2) that plaintiff acquired all seven of the nine documents to which it was entitled as a result of the prosecution of this case. On the basis of the foregoing I rule that plaintiff has substantially prevailed in this action.

### II. *IS AN AWARD OF ATTORNEY'S FEES WARRANTED IN THIS CASE?*

[2] In determining whether a plaintiff who has substantially prevailed in a FOIA case should be awarded attorney's fees a court should consider the following factors:

1. Public benefit;
2. Commercial benefit to plaintiff;
3. Nature of plaintiff's interest in records;
4. Whether the government withholding of the records had a reasonable basis in law.

S.Rep. No. 1200, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News, pp. 6285, 6288. *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir. 1977).

> [T]he successful FOIA plaintiff always acts in some degree for the benefit of the public, both by bringing the government into compliance with the FOIA disclosure policy and by securing for the public at large the benefit assumed to flow from public disclosure of. government information. *Blue v. Bureau of Prisons, supra* at 553.

Plaintiff maintains that the public benefit derived in the case at bar goes beyond the general satisfaction of public policy. It is asserted by the plaintiff that as a result of its prosecution of this action the national policy of non-discrimination has been served. Specifically plaintiff contends that the revelation of the federal government's progress or lack of progress in the area of housing will spur interested parties to new efforts to insure that federal civil rights laws relating to housing are being enforced by the federal government.

In a memorandum supporting this motion plaintiff's counsel represents that in its June memorandum, *Id.,* this Court not only became the first court to construe Section

552(b)(7)(B) of the FOIA but also was the first to enforce a waiver of a Section 5 exemption against the government based on the dissemination of an otherwise exempt document. Thus plaintiff contends that the public has benefitted from the precedential value of this Court's earlier memorandum in that it will provide guidance concerning the meaning of the FOIA.

Defendant argues that plaintiff brought this action in order to discover whether there was a basis for a lawsuit against HUD, the City of Boston or the BHA and later prosecuted it in order to supplement the discovery proceedings in *NAACP v. Harris*, C.A. No. 75–850–S.

Defendant supports its argument with the fact that the plaintiffs in *NAACP v. Harris* unsuccessfully sought to obtain some of the same documents as are the subject of this lawsuit via the discovery process. Thereafter plaintiff's director provided the NAACP with one of those documents.

While it is true that the public should not be required to finance the investigation of a FOIA plaintiff who makes his request with an eye toward prosecuting some litigation to his own benefit, no such inference arises from the facts set forth by defendant. Indeed the facts alleged by the defendant have no relevance to the issue presently before this Court. Although the NAACP case may involve an issue with which plaintiff is very much concerned, neither plaintiff nor plaintiff's director are parties to that case. The fact that numerous citizens and groups are interested in the civil rights compliance status of the City of Boston and the BHA and HUD's efforts to enforce the law, should not enter into the determination of whether or not plaintiff should be awarded attorney fees. Neither should the fact that plaintiff shared information with them be of any concern to this Court.

Furthermore the decisions upon which defendant relies in this issue involve the use of the FOIA with motives of achieving substantial commercial or personal benefit. In *Ford v. Selective Service*, 439 F.Supp. 1262 (M.D.Pa.1977) the court found that plaintiff was using the FOIA to gather evidence for an action in which plaintiff would recover the damages and in *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978) and *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978) it was determined that the prison inmate plaintiffs were attempting to obtain greater discovery than was available in pending civil rights cases to which they were parties. In the case at bar defendant concedes that plaintiff could not have been motivated by commercial benefit. Similarly there is no basis for a conclusion that the plaintiff acted to achieve any personal benefit. In short there was nothing "in it" for plaintiff. As to the first three factors to be considered by the court therefore I find that some public benefit was derived from plaintiff's endeavor and that in bringing about that public benefit plaintiff was not motivated by personal or commercial considerations.

The sole remaining factor to be considered by the Court is whether the government's withholding of the records had a reasonable basis in law.

A. *Was There A Reasonable Basis In Law For Defendant's Claim That Documents i–vi Were Exempt Under Section 7?*

In this Court's earlier memorandum I ruled that defendant was never entitled to withhold documents i–vi on the basis of a claimed exemption under Section 7. However, I am not prepared to rule that the defendant never had a reasonable basis for claiming that exemption status. I find that in February, 1977, when plaintiff commenced this lawsuit, the Title VI compliance review was still in progress and the Supreme Court had not interpreted Section 7 in *N. L. R. B. v. Robbins Tire & Rubber*, *supra*. Thus the defendant's view of the issue must be examined in light of those two factors. On that basis I rule that at least until the compliance review was completed the defendant's refusal to disclose had a reasonable basis. I further rule however that the defendant did not have a reasonable basis for its refusal once the compliance review had been completed in

October 1977. The plaintiff's suit had been filed five months earlier, in February 1977, the defendant had been served in March 1977 and in June 1977 defendant filed an affidavit outlining the documents which had been withheld in whole or in part and delineating which exemption(s) was claimed as to each of the nine documents.

While it may well be a fact of life in this country that the wheels of government turn slowly, the defendant cannot be allowed to wait thirteen months before disclosing documents ii–vi[6] when it conceded even then that any exemption status to which they might have been entitled ended with the completion of the compliance review.

■ In light of the foregoing therefore I rule that any reasonable basis which might have existed for defendant's refusal to disclose documents i–vi evaporated in October 1977 and defendant should have turned documents i–vi over within a reasonable time thereafter. Because I find that it failed to do so, I rule that plaintiff is entitled to recover a portion of its claimed attorney's fees and costs which relate to its attempt to recover each of those six documents.[7]

### B. Was There A Reasonable Basis In Law For Defendant's Claim That Document viii Was Exempt From Disclosure Under Section 5?

In June, 1979 this Court ruled that when an agency discloses a document which would otherwise be exempt under Section 5, to a non-federal party, it waives the Section 5 exemption status of that document if the disclosure was not necessary to effect the purposes of the document. However, prior to the June 1979 memorandum the issue of whether a waiver should be enforced against the government was far from clear cut and the lack of decisional law addressing that precise issue made the Court's ruling a difficult one. Indeed in plaintiff's memorandum submitted in support of its motion for an award of attorney fees, plaintiff's counsel characterizes that ruling as the first decision to enforce such a waiver.

In light of the foregoing I rule that the defendant had a reasonable basis for claiming Section 5 exemption status for document viii and therefore that attorney fees and costs will not be awarded to plaintiff for time spent on that issue.

### C. Should Plaintiff Be Awarded Reasonable Costs and Attorney Fees Incident To The Motion Presently Before The Court?

■ In attempting to establish that an award of attorney fees and costs is appropriate in this case, plaintiff has incurred additional expenses. I rule that plaintiff may recover a portion of those expenses incurred in attempting to recover reasonable fees and costs. *See Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978).

### D. Award

Based on all the foregoing and considering the criteria outlined in *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), I find and rule that an award of fees and costs in the amount of $2,500 is reasonable and appropriate in this case.

Order accordingly.

---

**6.** As set forth above, the defendant had also claimed a Section 5 exemption for documents vii and ix and thus the defendant continued to claim an exemption for those two documents even after the compliance review had been completed.

**7.** Plaintiff acquired documents i–vi in November 1978.