POLYNESIAN CULTURAL CENTER, INC., a Non-Profit Hawaii Corporation, Plaintiff-Appellee, Cross-Appellant,

v.

NATIONAL LABOR RELATIONS BOARD, an agency of the United States Government, John S. Irving, Individually and as General Counsel for the National Labor Relations Board, Natalie P. Allen, Individually and as Regional Director of the National Labor Relations Board, etc., Defendants-Appellants, Cross-Appellee.

Nos. 77–2368, 77–2440.

United States Court of Appeals, Ninth Circuit.

July 20, 1979.

Aileen A. Armstrong & Richard B. Bader, Asst. Gen. Counsel for Sp. Litigation, N. L. R. B., Washington, D. C., for defendants-appellants, cross-appellee.

Jared J. Jossem and Ernest C. Moore, III, Torkildson, Katz & Conahan, Honolulu, Hawaii, for plaintiff-appellee, cross-appellant.

Before BROWNING, CHOY and HUG, Circuit Judges.

PER CURIAM:

■　These appeals present questions regarding use of the Freedom of Information Act (FOIA), 5 U.S.C. sec. 552 (1976 ed.), to obtain disclosure of an affidavit obtained by the National Labor Relations Board during its investigation of the unfair labor practices described in *Polynesian Cultural Cen-*

*ter, Inc. v. NLRB,* 582 F.2d 467 (9th Cir. 1978).

The affidavit was taken from James Anthony, who represented the employees during the labor dispute. Two unfair labor practice charges against Polynesian Cultural Center (PCC) grew out of the activities of Anthony and other participants in the dispute. The first charge, filed July 24, 1974, alleged refusal to bargain. The second charge, filed August 5, 1974, alleged the discharge of six employees in mid-July in retaliation for organizing activity. The Board obtained the Anthony affidavit on July 31. The July 24 charge was withdrawn in mid-August.

In preparation for the hearing on the August 5 charge, PCC requested all written statements furnished to the Board by Anthony and other union organizers. The Board refused to release the statements. PCC filed this action to compel disclosure. After *in camera* review of the files relating to the two charges, the district court held the Anthony affidavit was "innocuous," its disclosure therefore would not interfere with the enforcement proceedings, and, for this reason, the affidavit was not exempt from disclosure by Exemption 7(A) of FOIA, which protects the confidentiality of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings . . . ." 5 U.S.C. sec. 552(b)(7)(A) (1976 ed.). The district court ordered the Anthony affidavit produced, and awarded PCC attorney's fees incurred to achieve this result.

The district court did not have the benefit of the subsequent decision in *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), which announced the generic rule that under Exemption 7(A) "witness statements in pending unfair labor practice proceedings are exempt from FOIA disclosure at least until completion of the Board's hearing." *Id.* at 236, 98 S.Ct. at 2324. Anthony was a primary figure in the underlying labor dispute (*see* 582 F.2d at 469–71), and was therefore a potential witness in the Board's case. His affidavit, given to the Board immediately after the challenged discharges, was relevant to the pending proceedings. PCC so concedes. The affidavit was therefore protected from prehearing disclosure by the *Robbins Tire* rule.

PCC argues that the Board must make a particularized showing of potential harm from disclosure because the Anthony affidavit was located in the file on the withdrawn July 24, charge rather than in the file on the pending August 5 charge. But the rule of *Robbins Tire* is not so easily circumvented. Under the rule, an affidavit is exempt from disclosure under Exemption 7(A) whenever the affiant is a potential witness in an ongoing or contemplated enforcement proceeding and the affidavit contains information relevant to such a proceeding. Disclosure of such an affidavit in such circumstances would expose the affiant to intimidation or harassment and would enable the suspected violator to construct defenses by obtaining "earlier and greater access to the Board's case than he would otherwise have." 437 U.S. at 241, 98 S.Ct. at 2326. *See also New England Medical Center Hospital v. NLRB,* 548 F.2d 377, 385–86 (1st Cir. 1976). Once the obvious relevance of the Anthony affidavit to the pending proceeding was shown, the affidavit was exempt from disclosure under Exemption 7(A), even though it was found in a different and technically "closed" file, and without regard to whether it was favorable to the Board's case, unfavorable, or (as the district court found) innocuous.

PCC contends the award of attorney's fees should be upheld even if the district court erred in ordering disclosure of the Anthony affidavit, because the court's order caused the Board to bring Anthony from Australia to testify so the Board could disclose his affidavit for use in cross-examination, and thus moot the order that would have required disclosure under FOIA.

Even if we assume PCC "substantially prevailed" in its suit under the Act by causing the Board to adopt this strategy (*cf. Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509, 513 (2d Cir. 1976)), the fee award was nonetheless improper. In ruling on requests for an award of attorney's fees under FOIA, "[c]ourts are expected to consider the benefit to the public derived from the case, the commercial benefit to the complainant, the nature of the complainant's interest in the records, and whether the government withholding of the records has a reasonable basis in law." *Long v. IRS,* 596 F.2d 362, 370 (9th Cir. 1979). All of these factors militate against a fee award to PCC. The Board's claim of exemption was not only reasonable but correct. By contrast, PCC's interest in obtaining disclosure of the Anthony affidavit was wholly commercial and sufficiently strong in itself "to insure the vindication of rights" under the Act. *Blue v. Bureau of Prisons,* 570 F.2d 529, 534 (5th Cir. 1978). The contested affidavit dealt with a limited, local, routine labor dispute; disclosure was unlikely to result in widespread dissemination, or substantial public benefit. Awarding attorney's fees in such a case would "merely subsidize a matter of private concern" at taxpayer expense. *Blue v. Bureau of Prisons, supra,* 570 F.2d at 533–34. No fee award was justified.

Reversed.