**J. RICHARD and Sally Dema, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

No. 78 C 3992.

United States District Court,
N. D. Illinois, E. D.

Dec. 21, 1979.

Sheldon R. Waxman, Robert K. Mayer, Chicago, Ill., for plaintiffs.

Mary Rigdon, Asst. U. S. Atty., Chicago, Ill., Mikal Frey, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

In this Freedom of Information Act case, 5 U.S.C. § 552(a)(4)(B), a pleading has been filed stating that it is "Plaintiffs' Petition for the Award of Attorney's Fees." Despite its caption, the petition is for relief which ordinarily would benefit Shelly Waxman, the lawyer for the plaintiffs who appeared in court. Compare *Regalado v. Johnson*, 79 F.R.D. 447, 451 (1978). This fact has been recognized in those FOIA cases where attorney fees, when awarded, are ordered paid directly to the plaintiff's counsel. See *American Federation of Government Employees, AFL–CIO v. Rosen*, 418 F.Supp. 205, 209 (N.D.Ill.1976).

■ In any event, there is no presumption in favor of awarding attorney's fees in an FOIA case; and, such an award is left to the sound discretion of the district judge. *Chamberlain v. Kurtz*, 589 F.2d 827, 842 (5th Cir. 1979). In exercising this discretion, the court is to be guided principally by the four criteria contained in the Senate Report on the FOIA and, in addition, by any applicable criteria from the older body of equitable decisions on attorney's fees. *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978); see Annot., Freedom of Information Act—Costs, 36 ALR 3d 530.

■ From this body of equitable decisions, it is fundamental that when a lawyer appears before a court, he should never act in a manner that demeans his profession. Canon number 1 of Canons of Professional Ethics, EC 1–5, Am.Jur.2d Desk Book, Document § 91. However, on December 21, 1979, as the report of proceedings of the Motion Call of this court discloses, when Shelly Waxman presented the petition for fees, he purposely, in the presence of a large number of his fellow lawyers, made a statement to the court which he intended to be insulting, disrespectful, and contemptuous. This was unprofessional conduct. 7

Am.Jur.2d, Attorneys at Law § 28; Annot., 68 ALR 3d 273. In this court's judgment, a lawyer who addresses a district judge in a manner which he intends to be insulting, disrespectful, and contemptuous, forfeits his right, and that of his client, to have considered a petition which may result in monies out of which attorney's fees will be paid. Therefore, without awaiting an answer from the defendant agency, the petition for fees is denied.