**Rigoberto MENDEZ–SUAREZ, Plaintiff,**

v.

**Louis VELES, et al., Defendants.**

**Civ. A. No. 86–CV–1911–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 1, 1988.

Dana McDonald, Atlanta, Ga., for plaintiff.

Barbara Tinsley, U.S. Attorney's Office, Atlanta, Ga., for defendants.

### ORDER

SHOOB, District Judge.

Presently before the Court are cross-motions for summary judgment concerning Freedom of Information Act ("FOIA") claims contained in Count V of plaintiff's complaint. Defendants also have moved for summary judgment with regard to the liability of defendant Louis Veles ("Veles"). For the reasons stated below, the Court will grant the government's motion for partial summary judgment on the FOIA claims and deny plaintiff's cross-motion concerning those claims. In addition, the Court will deny defendants' motion for partial summary judgment on the claims against Veles.

Plaintiff Rigoberto Mendez–Suarez ("Mendez–Suarez") is a Cuban detainee at the federal penitentiary in Atlanta, Georgia. On February 24, 1986, Mendez–Suarez was stabbed during a dispute with another detainee named Camilo Fuentes Lopez ("Lopez"). Mendez–Suarez claims that Veles, who serves as a prison guard at the penitentiary, failed to respond to his calls for help during the attack. Mendez–Suarez further alleges that Veles locked the entrance to his cell during the incident, thus allowing the attack to continue. Based on these allegations, Mendez–Suarez seeks compensatory and punitive damages against Veles and the United States of America.

### FREEDOM OF INFORMATION ACT ISSUES

Plaintiff's FOIA claims stem from efforts to obtain information from the Federal Bureau of Investigation ("FBI") and the Bureau of Prisons ("BOP") regarding the February 24, 1986 stabbing incident. Although plaintiff has now obtained all the information sought in his FOIA requests, the cross-motions for partial summary judgment concern plaintiff's request for attorney's fees under the FOIA. Because determination of this issue depends upon the nature of the FOIA request and the government's response to that request, the Court will summarize the history of the FOIA dispute.

On September 22, 1986, plaintiff made his initial FOIA request to the FBI for records pertaining to the February 24, 1986 incident. Two days later, by letter to plaintiff's appointed counsel, the FBI denied the request based on the Privacy Act and on

FOIA provisions that exempt investigative records compiled for law enforcement purposes. After plaintiff appealed this decision, the FBI provided a single page from its file but otherwise upheld its initial ruling. On January 20, 1987, plaintiff added the FOIA claims that are the subject of the cross motions for summary judgment by filing a supplemental complaint. At the request of the plaintiff and without opposition from the government, the Court attempted to resolve the Privacy Act dispute through entry of an order pursuant to 5 U.S.C. § 552a(b)(11). *See* Order dated March 25, 1987. On April 1, 1987, the FBI released the requested documents.

Plaintiff also filed his initial FOIA request to the BOP on September 22, 1986. The BOP first denied receipt of the request, then recanted and informed plaintiff's counsel on November 18, 1986 that a fee would be required in order to release the documents. The BOP rejected counsel's efforts to receive the documents free of charge, despite the fact that plaintiff was incarcerated, indigent and represented by appointed counsel. The BOP also refused to release the majority of the documents, citing additional FOIA exemptions. Plaintiff appealed the BOP decision to the United States Department of Justice and filed the January 20, 1987 supplemental complaint discussed above. In a further effort to resolve this dispute, the Court amended its March 25, 1987 order so that materials concerning psychiatric information and employment history held by the BOP would remain confidential. *See* Order dated April 29, 1987. The documents were then released during May 1987.

The FOIA authorizes an award of attorneys fees against the United States whenever "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). The determination of whether a party has substantially prevailed is committed to the discretion of the trial court. *Chilivis v. Securities & Exchange Commission*, 673 F.2d 1205, 1212 (11th Cir.1982). To substantially prevail plaintiff must show that the FOIA action "could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information." *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir.1980) (citing *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (D.C.Cir. 1979) and *Vermont Low Income Advocacy Council, Inc., v. Usery*, 546 F.2d 509, 514 (2d Cir.1976)). "The mere fact that the information sought was not released until after the suit was instituted" is not sufficient to demonstrate eligibility for an award of attorney's fees. *Lovell*, 630 F.2d at 432 (citing *Cox*, 601 F.2d at 6).

Plaintiff cannot demonstrate that he has substantially prevailed in this case. It is not clear from the record whether the requested information was released because of plaintiff's FOIA requests or because of discovery requests made pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff's discovery requests were made October 24, 1986, just one month after filing of the FOIA requests and prior to both the final agency decisions concerning the FOIA requests and the addition of the FOIA claims to plaintiff's complaint. The Court issued two orders to resolve disputes arising from the discovery requests, which presumably had some impact on the government's position concerning disclosure. In any event, the pendency of the discovery requests conclusively demonstrates that the information sought was available through means other than the filing of a FOIA claim. The FOIA requests, therefore, were not "reasonably necessary" to produce the information under the *Lovell* standard. *See Simon v. United States*, 587 F.Supp. 1029 (D.D.C. 1984).

Even if plaintiff had substantially prevailed in his FOIA claims, the Court would not be required to award attorney's fees under *Lovell*. "Once a plaintiff has substantially prevailed and thus become eligible for an award of attorney's fees, a court should determine whether the plaintiff is entitled to the award in light of these criteria:

(1) The benefit to the public deriving from the case;

(2) the commercial benefit to the complainant;

(3) the nature of the complainant's interest in the records sought;

(4) whether the government's withholding of the records sought had a reasonable basis in law."

*Lovell,* 630 F.2d at 431–32 (citing *Blue v. Bureau of Prisons,* 570 F.2d 529, 533 (5th Cir.1978)). The Court is also entitled to consider any other equitable factors it considers relevant to these criteria. *Id.*

Under these criteria, plaintiff's request for FOIA attorney's fees stands on shaky ground. The Court agrees with plaintiff that the treatment of Cubans at the Atlanta penitentiary is a matter of public concern. It is by no means certain, however, that significant public benefit inures from disclosure of information concerning an incident between inmates at the penitentiary. The Court does not find that plaintiff pursued his FOIA claims for commercial benefit, but the nature of his interest in the records sought can hardly be classified as "scholarly or public-interest oriented." *Lovell,* 630 F.2d at 434 (citing *Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 712 (D.C.Cir.1977)). The Court does agree that the government's withholding of the information bordered on the stonewalling that the FOIA seeks to eliminate. *See Nationwide,* 559 F.2d at 710. But as noted above, the government's basis for failing to release documents is only one of many equitable factors that the Court may consider.

Once more the Court finds the availability of discovery dispositive of plaintiff's FOIA claims. Although plaintiff argues he sought the information under the FOIA for strategic reasons, his FOIA and discovery requests were identical and were filed only one month apart. The Court agrees with plaintiff that the availability of the information through discovery should have eliminated the government's reluctance to provide the information under the FOIA. Nevertheless, where documents are available through discovery, FOIA requests are unnecessary. As the Supreme Court has noted, "[t]he primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery." *Baldrige v. Shapiro,* 455 U.S. 345, 360 n. 14, 102 S.Ct. 1103, 1112 n. 14, 71 L.Ed.2d 199 (1982) (citations omitted). The Court will not award attorney's fees in this case.

## LIABILITY ISSUES

The government also seeks summary judgment concerning the liability of Veles. The government claims that Veles cannot be found liable for mere negligence under the Supreme Court's decision in *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Even if Veles is not immune from liability under *Davidson,* the government contends that he is entitled to qualified immunity under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Neither argument can prevail in this case on a motion for summary judgment.

■ In *Davidson* the Supreme Court held that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." 474 U.S. at 348, 106 S.Ct. at 671. *See also Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The allegations here, however, involve more than mere negligence. Plaintiff has claimed that prison officials stood by and allowed him to be attacked. This is the very type of recklessness and callous indifference distinguished by the Court in *Davidson.* 474 U.S. at 348, 106 S.Ct. at 670–71. Considering the evidence in the light most favorable to the plaintiff, defendant is not entitled to summary judgment based on *Davidson.*

■ In *Harlow* the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738 (citations omitted). Based on the allegations here, there exists a genuine issue of material fact concerning whether Veles violated "clearly established statutory or constitutional rights of which a

reasonable person should have known." *Id.* As before, if plaintiff can prove that Veles acted with deliberate indifference, he may be able to prove that he was denied equal protection. The Court will deny, therefore, the government's motion for partial summary judgment concerning the liability of Veles.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment is DENIED and defendant's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.