**HILL TOWER, INC., and John L. Ross, Plaintiffs,**

v.

**DEPARTMENT OF NAVY, Defendant.**

Civ. A. No. 3–88–0348–T.

United States District Court,
N.D. Texas,
Dallas Division.

March 31, 1989.

Charles L. Babcock, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for Hill Tower, Inc.

John L. Ross, Kim M. Olson, Thompson, Coe, Cousins & Irons, Dallas, Tex., pro se.

Linda C. Groves, Asst. U.S. Atty., Dallas, Tex., for defendant; Lieutenant Dennis J. Argall, JAGC USNR, Dept. of Navy, Office

of the Judge Advocate General (General Litigation), Alexandria, Va., of counsel.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MALONEY, District Judge.

On February .6, 1989, Plaintiff John Ross filed his motion for final summary judgment. Defendant filed its response and cross-motion for summary judgment on February 22, 1989. Ross filed his response on March 13, 1989.

On October 11, 1988, the Court entered its order granting Plaintiffs' cross-motion for summary judgment in which Plaintiffs sought certain information pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Ross, an attorney-litigant, now seeks recovery of his fees and costs claiming that he has substantially prevailed. The Department of Navy contends that Plaintiffs neither substantially prevailed nor did they meet the four additional criteria required for recovery of fees and costs.[1]

## RECOVERY OF ATTORNEY FEES AND COSTS UNDER FOIA

The Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E), provides that:

> The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The award of attorney fees and costs under FOIA is directed to the discretion of the court. *Lovell v. Alderete*, 630 F.2d 428 (5th Cir.1980). Any award of attorney fees and costs under FOIA has been interpreted as requiring a two step analysis. *Union of Concerned Scientists v. U.S. N.R.C.*, 824 F.2d 1219 (D.C.Cir.1987). First, the Court must find that the party seeking recovery substantially prevailed. This finding makes the party "eligible" to recover fees

and costs. Second, the court must consider four criteria enumerated in a Senate Conference Report on this section of FOIA to determine if the party is "entitled" to recovery. *Id.* at 1222. These four criteria are: (1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interests in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law. *Lovell v. Alderete*, 630 F.2d at 431–432; *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir.1978). Beyond these four central criteria, the Court may take into account other equitable considerations such as a party's bad faith, obstinacy or defiance of the law. *Blue*, 570 F.2d at 533.

## SUBSTANTIALLY PREVAILED

■ Ross made his request under FOIA on April 27, 1987. Ross specifically requested copies of both Aircraft Mishap Investigation Reports (MIR'S) and Aircraft Accident Investigations (JAG Manual) for seven separate aircraft crashes between June 22, 1977 and January 14, 1987.[2] On August 21, 1987, Defendant released copies of six of the seven JAG Manual reports. Defendant did not release nor mention the MIR's with the release of the JAG Manual reports. On November 17, 1987, Defendant denied Plaintiffs' request for a copy of the JAG Manual report concerning the January 14, 1987 crash. Plaintiffs appealed Defendant's decision and, after the appeal was denied, filed this action on February 19, 1988.

### A. JAG MANUAL

In this action, Plaintiffs sought to obtain the JAG Manual report for the January 14, 1987 crash and the seven MIR reports originally requested. The Court's October 11,

---

1. Plaintiff Hill Tower has not filed a motion for summary judgment as directed by the Court's order of January 3, 1989. Therefore, the Court assumes that Hill Tower does not wish to pursue a claim for attorney's fees under FOIA.

2. As more fully discussed in the Court's October 11, 1988 order, the January 14, 1987 crash resulted in damage to a transmission tower antenna owned by Hill Tower, Inc.

1988 order granted Plaintiffs' motion for summary judgment and directed Defendant to release portions of the JAG Manual report for the January 14, 1987 crash. Therefore, to the extent that Plaintiffs sought the January 14, 1987 JAG Manual report, the Court finds that Plaintiffs substantially prevailed.

## B. MIR'S

Defendant admits that Plaintiffs prevailed with respect to the JAG Manual but deny that Plaintiffs substantially prevailed on their entire claim. With respect to the MIR's, the record reflects that responsibility for the production of the JAG Manuals and the MIR's lies within different departments of Defendant. Therefore, upon receipt of Ross's original FOIA request, the record reflects that a copy of the request was sent to the Office of the Judge Advocate General on May 13, 1987. Thereafter, on July 8, 1987, the Office of the Judge Advocate General informed Ross that it would consider the JAG Manual request but that it had referred the MIR requests to the Commanding Officer, Naval Safety Center. The record further reflects that there was no further activity with respect to the MIR requests until after this action was filed.

Thereafter, on February 26, 1988, nine days after this lawsuit was filed, Ross received a letter from Defendant stating that the request for the MIR's apparently wasn't forwarded to the Naval Safety Center. The record does not show any forwarding correspondence of the MIR request in July, 1987 but does reflect the forwarding of the request on February 26, 1988. On March 15, 1988, the Naval Safety Center informed Ross that it had received his request but because of a backlog of FOIA requests, it would take approximately sixty days to complete the request.

The record reflects that the request was not processed within the sixty days. However, on June 1, 1988, Defendant moved the Court to stay this litigation with respect to the MIR's to allow it to complete its administrative processes. The Court granted this motion on June 30, 1988, allowing Defendant until July 15, 1988, to comply with the MIR request. On August 3, 1988, Defendant released two of the seven MIR's and on August 5, 1988, Defendant supplied Ross with the remaining MIR's.

Ross asserts that because he received all seven MIR's requested that he has substantially prevailed. Defendant, on the other hand, claims that the MIR's were provided under the original request and were not provided as a result of the litigation. Defendant argues that Ross did not obtain a Court order for the MIR's. However, a final judgment from the Court is not required. A party may substantially prevail under FOIA if the prosecution of the action could reasonably be regarded as necessary to obtain the information, and the existence of the lawsuit had a causative effect on the release of the information. *Miller v. Department of State*, 779 F.2d 1378, 1389 (8th Cir.1985).

The Court finds that Ross substantially prevailed under FOIA. In making this finding, the Court notes that Defendant did not respond to Ross's MIR requests until nine days after the lawsuit began. In fact, the February 26, 1988 letter specifically states that it was brought to the Judge Advocate's attention by its litigation division. The Court finds that the filing of the suit could reasonably be regarded as having a causative effect on the eventual release of the MIR's. Furthermore, as set forth above, Plaintiffs' prevailed on their motion for summary judgment ordering Defendant to release the JAG Manual report for the January 14, 1987 crash.

## CONGRESSIONAL CRITERIA

### A. BENEFIT TO PUBLIC

It is doubtless true that the successful FOIA plaintiff always acts to some degree for the benefit of the public, both by bringing the government into compliance with the FOIA disclosure policy and by securing for the public at large the benefits assumed to flow from the public disclosure of government information. *Blue*, 570 F.2d at 533. However, the Senate Report's discussion repeatedly refers to disclosure to the press and public interest

organizations. This interpretation aligns with FOIA's main purpose which is to assist the citizenry in making informed choices vital to the maintenance of a popular form of government. *Id.* Therefore, the public benefit factor does not particularly favor fees where the award would merely subsidize a matter of mostly private concern. This factor speaks for an award where complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices. *Id.*

■ The Court, in considering the public benefit, does not find that this factor weighs in Ross's favor. The documents obtained contain information on Naval aircraft crashes. While such information may be of general interest to the public, the Court does not believe that such information adds to the fund of useful information that citizens would use to make vital political choices. Rather, the information obtained appears to be for the private benefit of Hill Tower in its tort claim against the government for the damage it suffered as a result of the January 14, 1987 crash.

## B. COMMERCIAL BENEFIT AND PLAINTIFFS' INTEREST

■ The Court of Appeals, in *Lovell,* 630 F.2d at 433, n. 6, pointed out the purpose of the fees award section. It held that fees were to be awarded to encourage complainants who lacked substantial private and pecuniary incentive to pursue their claim. If the potential for private commercial benefit is high, such complainants have sufficient incentive to pursue their claims, thus meeting the policy objectives of fee awards. In such situations the court may properly deny an award of fees.

The Court finds and the record reflects that both Plaintiffs had a strong commercial interest in seeking this information. It was Hill Tower's antenna that was damaged by the crash. Hill Tower has submitted a Federal Tort Claim Act claim in the amount of $8,285,387.01. Ross also has much to gain commercially. The record reflects that Ross filed a FTCA claim for $3,845,253.49 on behalf of one of his clients, Traveler Indemnity Company. Furthermore, the record reflects that Ross notified Defendant as early as July 16, 1987 that certain parties intended to file FTCA claims exceeding $6,000,000.

Based upon the record, the Court is left with the distinct impression that Plaintiffs were attempting to perform civil discovery prior to filing of a lawsuit. The public should not be required to finance the investigation of a FOIA plaintiff who makes his request with an eye toward prosecuting some litigation to his own benefit. *Education/Instruccion v. Department of Housing and Urban Development,* 87 F.R.D. 112, 116 (D.Mass.1980), *aff'd,* 649 F.2d 4 (1st Cir.1981).

Therefore, the Court is of the opinion that these factors do not weigh in favor of an award of fees.

## C. BASIS IN LAW FOR WITHHOLDING DOCUMENTS

■ This criterion suggests that an award of fees would be favored if an agency's nondisclosure was designed to avoid embarrassment or thwart the requestor. *Blue,* 570 F.2d at 534. An agency's legal basis for withholding information is reasonable if any pertinent authority exists to support the claimed exemptions. *Adams v. United States,* 673 F.Supp. 1249 (S.D.N.Y. 1987).

■ In this action, Defendant claimed exemption for the JAG Manual report based upon the work-product privilege, 5 U.S.C. § 552(b)(5). The work-product privilege has long been recognized by the Courts and applies to FOIA requests. *United States v. Weber Aircraft Corp.,* 465 U.S. 792, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984). Furthermore, the record does not support a finding that Defendant was attempting to thwart Ross. While the Court will concede that the crash of an aircraft and its cause may be embarrassing, the crash itself was not and could not be hidden. Defendant sought to shield the cause behind the work-product privilege, not out of embarrassment over the cause.

Therefore, the Court does not find that this factor weighs in favor of an award of fees.

## OTHER CONSIDERATIONS

 Ross argues that Defendant has conducted its activities in bad faith throughout the FOIA process. Ross asserts that Defendant never responded to his MIR request until after this lawsuit was filed. Ross also asserts that Defendant did not produce the MIR's within the sixty day time frame in which it stated it would. Furthermore, the Court's June 30, 1988 order gave Defendant until July 15, 1988 to release the MIR's, which Defendant did not release until August 3 and 5, 1988. Based upon this conduct and Defendant's asserted defense with respect to the January 14, 1987 JAG Manual, Ross asserts that Defendant has acted in bad faith.

The Court, having reviewed the record, does not find that Defendant acted in bad faith. The record indicates that Defendant inadvertently failed to timely forward Ross's MIR request to the Naval Safety Center. Once Defendant realized its error, it promptly forwarded the request. The record further reflects that Defendant had some difficulty locating some of the requested material. Therefore, the Court does not find that other equitable considerations weigh in favor of Ross's request for fees and costs.

## CONCLUSION

 The Court, in its discretion, is of the opinion that it should not award Ross his fees and costs. The Court finds that while he is "eligible," he is not "entitled" to the requested fees and costs. Therefore, the Court is of the opinion that Plaintiff's motion for final summary judgment should be denied and that the Defendant's cross-motion for summary judgment should be granted.

It is therefore ORDERED that Plaintiff's motion for final summary judgment is denied.

It is FURTHER ORDERED that Defendant's cross-motion for summary judgment is granted.

## FINAL JUDGMENT

This action came on for consideration before the Court, Honorable Robert B. Maloney, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered,

It is ORDERED and ADJUDGED that Defendant cannot rely upon 5 U.S.C. § 552(b)(5) in withholding the JAG Manual report prepared for the F–4 crash of January 14, 1987, and must therefore, produce the requested information.

It is FURTHER ORDERED and ADJUDGED that Plaintiffs are not entitled to recover their costs and expenses under 5 U.S.C. § 552(a)(4)(E).