**Malik JARNO, Plaintiff,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Defendant.**

**No. 1:04CV929(GBL).**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 18, 2005.

Denis Gilman, Esquire, Eliza Platts Mills, Washington Lawyers' Committee for Civil Rights and Urban Affairs, Washington, DC, for Plaintiff.

Kevin J. Mikolashek, Esquire, Special Assistant United States Attorney, Alexandria, VA, Joshua Stanton, Esquire, Associate Legal Advisor, U.S. Immigration & Customs Enforcement, Office of the Principal Legal Advisor, U.S. Department of Homeland Security, for Defendant.

## MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on Plaintiff Malik Jarno's Motion for Award of Attorney Fees and Costs, pursuant to 5 U.S.C. § 552(A)(4)(E) and the Federal Rules of Civil Procedure 54(d). This case concerns Plaintiff Malik Jarno, an orphaned political asylum seeker from Guinea, who sought documents relating to his immigration proceedings under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff seeks attorney fees and costs against Defendant Department of Homeland Security. The issues before this Court are whether Plaintiff is a prevailing party and if so whether the awarding of attorneys fees and costs is appropriate. The Court must also consider whether Plaintiff's request for attorneys' fees are reasonable under the law. The Court has determined that Plaintiff is a prevailing party because the Court issued an Order in this case that materially altered the legal relationship of the parties. Additionally, the Court has weighed the four relevant factors and holds that awarding attorneys fees and costs is appropriate in this case. The Court has also considered the factors relevant to determine reasonableness of the fees as outlined by the United States Court of Appeals for the Fourth Circuit and finds Plaintiff's request for attorneys' fees and costs reasonable under the law. Therefore the Court holds that Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED, and awards Plaintiff $11,491.00 in attorneys' fees and $346.00 in costs.

## I. BACKGROUND

On August 12, 2004, Plaintiff Malik Jarno, an orphaned political asylum seeker from Guinea with mild retardation, filed this action under FOIA seeking information relating to his detention by federal immigration officials. See Compl. at ¶ 4. Specifically, Plaintiff sought immigration documents in accordance with a FOIA request filed on his behalf with Defendant on May 7, 2004. At the time of the filing of his complaint, Plaintiff had not received a response to his FOIA request, although the statutory deadlines for response had long since expired. See Pl.'s Mem. Sup. Mot. Attys. Fees and Costs at 2. [hereinafter "Pl.'s Mem."]; see also, 5 U.S.C. § 552(a)(6)(A)-(B) (requiring an agency to notify a FOIA requester of the agency's determination regarding release or withholding of documents within 20 days in most circumstances, and within 30 days in specified unusual circumstances). After receiving no response upon filing of the complaint, Plaintiff filed an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction on August 19, 2004. Pl.'s Mem. at 3.

Subsequently, the parties negotiated and agreed to terms by which the defendant would produce materials responsive to Plaintiff's May 7, 2004 request that were not exempted from disclosure. Furthermore, Defendant agreed to produce its *Vaughn* index[1] describing withheld responsive documents and the exemptions invoked. Pl.'s Mem. at 3. On August 26, 2004, this Court signed an Agreed Order in accordance with those terms and rendering Plaintiff's Emergency Motion for a Temporary Restraining Order and/or Pre-

---

1. The decision of the Court of Appeals for the District of Columbia Circuit in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), established the procedure in FOIA litigation by which an agency prepare an itemized index, correlating each withheld document (or portion) with a specific FOIA exemption and the agency's nondisclosure justification.

liminary Injunction moot. *See* Agreed Order, 8/26/04.

Pursuant to the Court's Order, Defendant provided Plaintiff with a number of documents that were responsive to his May 7, 2004 FOIA request. Defendant also provided Plaintiff with a *Vaughn* index listing any withheld responsive documents and the exemptions invoked. On December 29, 2004, Plaintiff moved to voluntarily dismiss all claims with prejudice and also moved for an award of attorneys fees and costs.

## II. DISCUSSION

### A. Standard of Review

■ In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Under this "American Rule," courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994).

■ Congress has authorized district courts to shift attorney's fees and costs in various legal contexts, including cases brought under FOIA. The FOIA states that,

> [t]he Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E). A plaintiff seeking attorney's fees and costs under FOIA must first show that he is eligible to receive attorney's fees and costs. If he succeeds, he must then show that he is entitled to the fees and costs. *Tax Analysts v.*

*U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C.Cir.1992).

### B. Analysis

#### Plaintiff Jarno is the Prevailing Party

■ The Court holds that Plaintiff Malik Jarno is the prevailing party, and is therefore entitled to attorney's fees and costs. To show that he is entitled to attorneys fees and costs under FOIA, a plaintiff must show that he is the prevailing party. A prevailing party is one whose lawsuit resulted in the "material alteration of the legal relationship of the parties." *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). In *Buckhannon*, the Supreme Court held that enforceable judgments on the merits and consent decrees or court enforced settlement agreements could make a party eligible for an award of attorney's fees. *Id.* at 604, 121 S.Ct. 1835.

In *Smyth v. Rivero*, 282 F.3d 268 (2002), the Fourth Circuit expounded on the standard for a prevailing party as determined by the Supreme Court in *Buckhannon*. In *Smyth*, the plaintiffs sought to avoid being forced to return benefits they had received under the Aid to Families with Dependent Children (AFDC) program, claiming that state regulations requiring them to identify the father of their children was inconsistent with the Social Security Act. *Smyth*, 282 F.3d at 271. The defendants won a preliminary injunction. Furthermore, immediately prior to a scheduled hearing on summary judgment, the government sought to continue the hearing and agreed not to seek repayment of benefits paid to the plaintiffs in the past and up until the date of the rescheduled summary judg-

ment hearings. The Court held that "an order containing an agreement reached by the parties may be functionally a consent decree for purposes of the inquiry to which *Buckhannon* directs us, even if not entitled as such." *Smyth,* 282 F.3d 268, 281. However, The Court rejected Plaintiff's claims for attorney fees based on an agreement of the parties because the Court did not retain jurisdiction to enforce the agreement and nothing in the order clearly compelled compliance with the terms agreed to by the parties. *Id.* at 284.

■ In this case, the Court issued an order on August 26, 2004, that "materially altered the legal relationship of the parties" and provided Plaintiff with the relief he sought in his claim. Specifically, the Order provides that the parties have stipulated and agreed to the terms set forth in the Order and also includes specific dates on which Defendant would be required to provide information in response to Plaintiff's FOIA request. *See* Court's Order, 8/26/04. Furthermore, the Order provides for the Court's ongoing supervision. It states that the parties "shall" produce materials by dates certain and states that the parties are "ORDERED" to comply with the terms of the Order. The Court retained full jurisdiction to enforce its Order. The Order constitutes a court-approved settlement that the Court retained power to enforce. Therefore, the Order is a court-approved settlement that materially altered the legal relationship of the parties, meeting the requirements established in *Buckhannon.* Accordingly, Plaintiff Malik Jarno is entitled to an award of attorney's fees and costs.

## Plaintiff Jarno is Entitled to an Award of Attorney Fees and Costs

■ Since Plaintiff has shown that he is a prevailing party in this FOIA action, the Court must weigh four factors to determine whether awarding attorneys fees and

costs is appropriate. These factors include (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding had a reasonable basis in law. *Gowan v. U.S. Dep't of Air Force,* 148 F.3d 1182, 1194–95 (10th Cir.1998), *cert denied,* 525 U.S. 1042, 119 S.Ct. 593, 142 L.Ed.2d 535 (1998), cited in *Reinbold v. Evers,* 187 F.3d 348, 362 (4th Cir.1999).

### (1) Public Benefit Derived from the Case

■■ The public benefitted from the defendant's compliance with his FOIA request because the documents requested provided information to the public regarding the Department of Homeland Security's handling of Plaintiff's high-profile political asylum case. Furthermore, Defendant's response to the FOIA request and release of the documents worked to preserve the integrity of Immigration Court proceedings. *See* Pl.'s Mem. at 12–13. The degree of dissemination to the press and public are recognized as important factors in determining whether a public benefit exists. *Oil, Chem., & Atomic Workers Int'l Union v. U.S. Dep't of Energy,* 141 F.Supp.2d 1, 6 & n. 7 (D.D.C.2001), *rev'd on other grounds,* 288 F.3d 452 (D.C.Cir.2002); *Blue v. Bureau of Prisons,* 570 F.2d 529, 533 (5th Cir. 1978). Plaintiff's asylum case has received attention from Amnesty International and numerous members of the Congress of the United States. *See* Pl.'s Mem. at ex. 5, Amnesty International Press Release, letters from numerous members of the United States Congress. Furthermore, Plaintiff's case received attention in the national and local press. *See, e.g.,* Pl.'s Mem., ex. 5, *A Special Case,* WASH. POST, Nov. 28, 2003, at A40; John Files, *Refugee Caucus Urges Asy-*

*lum for Teenager,* N.Y. TIMES, Apr. 14, 2004. The media reports focus on the individual plight of Mr. Jarno and also illuminate the overall immigration policies of the Department of Homeland Security. The press frequently reported the details of Mr. Jarno's immigration court hearing that extended over a period of months. *See, e.g.,* Pl.'s Mem., ex. 6, Matthew Barakat, *Judge to Rule on Fate of West African Teen Seeking Asylum; Government Disputes Claims,* ASSOC. PRESS, Oct. 9, 2004, at 1. The documents obtained by Plaintiffs as a result of his FOIA litigation were introduced in the immigration proceedings and shed light on the immigration policies of this country. *See* Pl.'s Mem. at 12.

Furthermore, some of the documents released as a result of the Court's Order received direct attention from Congress, the press, and the public. For example, in an editorial published in the Immigration Daily, United States Representative Sheila Jackson Lee referenced the request for travel documents for Plaintiff made by the United States government to the government of Guinea, which were released as a result of the Order. *See* Pl.'s Mem., ex. 7, Shelia Jackson Lee, *Why is the Department of Homeland Security Determined to Deport Malik Jarno?* IMMIGRATION DAILY, Nov. 24, 2004. The wide dissemination to the press and public of information about Mr. Jarno's immigration proceedings and specifically regarding the documents released as a result of this Court's Order establish that the public benefitted from the government's FOIA response.

In addition, Plaintiff's success on his FOIA claim contributed to the legitimacy of the immigration and political asylum process. Attorney's fees are appropriate where a FOIA response helps protect the public's interest in the "fair and just" administration of justice. *See Landano v. U.S. Dep't of Justice,* 873 F.Supp. 884, 892

(D.N.J.1994). FOIA is the exclusive means that a respondent in Immigration Court proceedings must use to obtain documents for use in immigration proceedings. *See* 8 C.F.R. 1208.12. In this case, Defendant did not provide Plaintiff with the documents he requested under FOIA by the deadline set by the Immigration Court for submission of evidence or even by August 12, 2004, the date that the Immigration Court hearing began. Plaintiff's May 7, 2004 FOIA request states that Plaintiff sought documents for use in his Immigration Court proceedings. *See* Pl.'s Mem., ex. 8. It was not until the parties reached an agreement and the Court issued its Order that Plaintiff received the documents he needed for his immigration court proceedings. The release of documents to Plaintiff for use in his Immigration Court proceedings allowed the Immigration Court to make a determination based on all the relevant evidence regarding Plaintiff's political asylum case. As a result, the fairness and legitimacy of the Immigration Court's proceedings were preserved.

### (2) Lack of Commercial Benefit to the Plaintiff

▆▆▆▆ Plaintiff was not seeking any commercial benefit nor did he receive any such benefit in this action. In weighing the commercial benefit factor, the Court should consider whether the party requesting fees was indigent or a non-profit public group and not a large corporate interest. *See Young v. Central Intelligence Agency,* 1 F.3d 1235, 1993 WL 305970, at \*3 (4th Cir.1993) (quoting Rep. No. 93–854, 93d Cong., 2d Sess. (1974)). In this case, Plaintiff is an orphaned political asylum seeker with moderate mental retardation and no monetary resources. He clearly does not represent the "large corporate interest" meant to be precluded from receiving attorneys under the FOIA

statute. *See id.* at 1 F.3d 1235, 1993 WL 305970 *3.

### (3) Nature of Plaintiff's Request

█ The nature of Plaintiff's interest in the documents he requested under FOIA support an award of attorney's fees. In deciding whether to award attorney's fees, the Court must consider the nature of the complainant's interest in the records sought. *Gowan*, 148 F.3d at 1195. Plaintiff's central interest in this case was to force the defendant to disclose the requested documents in order to facilitate the fair adjudication of his political asylum claim in Immigration Court. Plaintiff also wished to make Congress, the press, advocacy groups, and the public aware of the relevant information regarding his case. Although Plaintiff was in large part motivated by a desire to use the documents requested to ensure that his own asylum case was decided properly by the Immigration Court, the public benefit derived from the released documents and his case overall are substantial.

### (4) Reasonableness of the Government's Position

█ The defendant's failure to release the information Plaintiff requested under FOIA until the Court issued its Order did not have a reasonable basis in law. In determining entitlement to attorney's fees the Court must also consider whether the government's withholding had a reasonable basis in law. *Gowan*, 148 F.3d at 1195. A defendant's failure to produce documents due to backlog or administrative issues does not constitute a "reasonable basis in law." *See Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1390 (8th Cir.1985)(holding that attorney fees cannot be denied on the reasonableness of the government's position where the government cites processing backlogs, confusion, and administrative error, because these "are practical explanations, not reasonable bases.") In this case, Defendant failed to comply with the requirements of FOIA by not responding to Plaintiff's request for information within the statutory time frame. Plaintiff through counsel attempted numerous times, by telephone and mail to contact Defendant to obtain a response, including correspondence sent more than two months after Defendant was required by statute to respond to Plaintiff's FOIA request. *See* Pl.'s Mem. at 15. Defendant also failed to respond to Plaintiff's request after the complaint was filed. *Id.* at 16. In fact, it was not until Plaintiff filed an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction on August 19, 2004 that Defendant negotiated with Plaintiff for the issuance of a Court's Order for the release of documents and the *Vaughn* index. Defendant has not presented the Court with a reasonable basis in law for not responding to Plaintiff's FOIA request.

### Plaintiff's Requested Attorney Fees and Costs are Reasonable

█ The Court finds that the attorney fees and costs requested by Plaintiff are reasonable. To determine the reasonable amount of attorney fees to award, the Court must multiply the reasonable number of attorney hours expended in the case by a reasonable hourly rate. The resulting "lodestar" amount is considered a reasonable measure of the fee portion of litigation expenses. *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). In awarding attorney's fees, the Court must consider the factors set forth by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)—the lodestar factors. Those factors are:

(1) the time and labor expended, (2) the novelty and difficulty of the questions raised, (3) the skill required to properly perform the legal services rendered, (4)

the attorney's opportunity costs in pressing the instant litigation, (5) the customary fee for like work, (6) the attorney's expectations at the outset of the litigation, (7) the time limitations imposed by the client or circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case within the legal community in which the suit arose, (11) the nature and length of the professional relationship between the attorney and client, and (12) attorney's fees in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978). Defendant has not questioned the reasonableness of the amounts sought. However, the Court has considered all of the factors outlined in *Barber*, and finds a full award of attorneys fees reasonable.

■ The time and labor that Plaintiff's attorneys at the Washington Lawyers' Committee expended in this effort are reasonable. Plaintiff has exercised billing judgment to eliminate any arguably non-compensable hours. Washington Lawyers' Committee is only seeking fees for a total of 45.6 hours of time expended by lead counsel Denise Gilman and has eliminated all otherwise-compensable time spent by other attorneys. Pl.'s Mem. at 20. Plaintiff has further reduced the total fees requested by ten percent to account for the time that counsel was required to spend conducting background research. *Id.*

Furthermore, an analysis of the attorney fees expectations, the amount involved, the results obtained and the undesirability of the case, also leads to a determination that the fee requested is reasonable. Plaintiff's attorneys did not expect to receive any fee for this matter and assumed representation of Plaintiff on a *pro bono* basis. No other attorney or law firm was able to take on this matter given the short time frame in which it needed to be litigated. *See* Pl.'s Mem. at 18. The Washington Lawyers' Committee for Civil Rights and Urban Affairs, is a non-profit 501(c)(3) organization that does not charge for its legal services. The organization would not be able to provide representation for its clients if the potential for attorneys' fees did not exist.

Plaintiff has also adequately proven to the Court that the fees charged by counsel are reasonable, based upon the experience and reputation of counsel, attorneys' fees in similar cases, and the length of time necessary to adequately prosecute this case. Plaintiff submitted to the Court an exhibit setting forth the customary billing rates, skill, experience, and reputation of Plaintiff's counsel from the Washington Lawyers' Committee for Civil Rights and Urban Affairs. *See* Pl.'s Mem, ex. 9. Plaintiff's counsel seeks an award based on an hourly rate of $280 per hour. The hourly rates sought by counsel are derived directly from the *Laffey* matrix based on the case of that name. *See Laffey v. Northwest Airlines*, 746 F.2d 4, 24–25 (D.C.Cir.1984), *overruled in part on other grounds by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C.Cir.1988) (en banc); *see also*, Pl.'s Mem., ex. 10 (*Laffey* matrix).

## III. CONCLUSION

The Court finds that Plaintiff is a prevailing party and that the awarding of attorneys fees and costs is appropriate. The Court also holds Plaintiff's request for attorneys' fees are reasonable under the law. For the reasons stated above, Plaintiff Malik Jarno is awarded $11,837.00 in attorneys' fees and costs. For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Award of Attorney's Fees and Costs is GRANTED.

The Clerk is directed to forward a copy of this Memorandum Order to counsel.